IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RICHARD E. FOSTER,           )
                             )
           Plaintiff,        )
                             )
vs.                          )   Case No. 16-01106-CV-W-ODS
                             )
ASTRAZENECA                  )
PHARMACEUTICALS, LP, et al., )
                             )
           Defendants.       )

## ORDER AND OPINION DENYING DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S AND ASTRAZENECA LP'S MOTION TO DISMISS

Pending is Defendants AstraZeneca Pharmaceuticals LP's and AstraZeneca LP's Motion to Dismiss.[1]  Doc. #25.  Plaintiff alleges he suffers from Chronic Kidney Disease ("CKD") as a result of Defendants' unlawful conduct in designing, researching, developing, testing, manufacturing, packaging, labeling, marketing, promoting, distributing, and/or selling Protonix, Nexium, Prilosec, and Prilosec OTC.  Doc. #23.  Collectively, these medications are proton pump inhibitors ("PPI") used to treat gastroesophageal reflux disease and other similar gastric disorders.  *Id.*  Plaintiff asserts claims for negligence, strict products liability, breaches of express and implied warranty, fraudulent misrepresentation and omission, and violation of the Missouri Merchandising Practices Act.  *Id.*  Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(6), 8(a)(2), and 9(b), and argue Plaintiff's claims are barred by the statute of limitations.  Doc. #25.  For the reasons below, the Court denies the motion to dismiss.

---

[1] Plaintiff's Amended Complaint (Doc. #23) names AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Wyeth Pharmaceuticals, Inc., and Procter & Gamble Co. as Defendants.  Although the pending motion was filed by AstraZeneca Pharmaceuticals LP and AstraZeneca LP, the Court refers to "Defendants" as a collective group in describing the allegations and motion to dismiss arguments.

## I. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

For a fraud claim, a heightened pleading standard applies, requiring the plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice,

2

intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This is understood to require the plaintiff plead the "who, what, when, where, and how" of the fraud. *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013). Rule 9 is satisfied with respect to a claim of fraudulent omission if the omitted information is identified and "how or when" the concealment occurred. *Cf. Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007).

## II. DISCUSSION

### A. Statute of Limitations

Defendants contend Plaintiff's claims are barred by Missouri's five-year statute of limitations for injuries to the person. Mo. Rev. Stat. § 516.120. Plaintiff "ingested Protonix, Nexium, Prilosec, and Prilosec OTC from approximately January 2007 to 2013, which resulted in injuries to his kidneys including [CKD] in May of 2008." Doc. #23, ¶ 4. Defendants argue Plaintiff's claims are untimely because his suit was not filed until October 2016. Plaintiff invokes the "delayed discovery rule" under which his cause of action accrues not at the time of injury, but when the act giving rise to the injury becomes reasonably ascertainable. Additionally, Plaintiff alleges Defendants fraudulently concealed risks posed by PPIs, and therefore, Plaintiff was unable to discover the cause of his injuries.

A motion to dismiss on statute of limitations grounds should not be granted unless the complaint establishes on its face and without exception the claim is barred. *Patel v. Pate*, 128 S.W.3d 873, 877 (Mo. App. Ct. 2004). Under Missouri law, a cause of action accrues when "the damage resulting therefrom is sustained and is capable of ascertainment." Mo. Rev. Stat. § 516.100. The statute of limitations does not begin to run at the time an injury is discovered if it was impossible to ascertain the likely cause of the injury. *King v. Nashua Corp.*, 763 F.2d 332, 333 (8th Cir. 1985) (citing *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642, 648 (8th Cir. 1982)). In *Renfroe*, the statute of limitations did not bar the plaintiff's claim when the medical community was unaware of a link between the plaintiff's cancer and her mother's use of diethylstilbestrol when the plaintiff was diagnosed. 686 F.2d at 647. In *King*, the statute of limitations barred the plaintiff's

3

claims because the medical community knew, at the time the plaintiff suffered injuries, of a link between the plaintiff's exposure to fumes from thermal labels and the types of respiratory illness suffered by the plaintiff. 763 F.2d at 333.

On the face of Plaintiff's pleadings, this is the rare circumstance contemplated in *Renfroe*, and distinguished by *King*. According to Plaintiff's Amended Complaint, the medical community was unaware of a possible link between PPI use and CKD until 2014, at the earliest, with more information available in 2016.[2] Doc. #23, ¶ 52. Plaintiff also alleges he and his physician could not have known of a link between PPI use and CKD due to Defendants' conduct concealing the risks from the medical community. *Id.*, ¶¶ 50-51, 58, 95-96. Further, Plaintiff pleads tolling of the statute of limitations due to this conduct. *Id.*, ¶¶ 105-108. Missouri law recognizes tolling of the statute of limitations in cases alleging fraudulent concealment. Mo. Rev. Stat. § 516.280. The Court finds Plaintiff's Amended Complaint is not barred by the statute of limitations on its face. Accordingly, the Court denies Defendants' motion to dismiss on this basis.

*B. Failure to State a Claim*

Defendants argue dismissal for failure to state a claim upon which relief can be granted is appropriate because: (1) Plaintiff fails to allege dates, quantities, exact medication consumed, and causation, (2) Plaintiff fails to detail how AstraZenca's warnings were inadequate, and (3) Plaintiff fails to meet Rule 9(b)'s heightened pleading standard for fraud. The Court rejects these arguments and declines to dismiss Plaintiff's Amended Complaint.

(1)

Plaintiff alleges, from approximately January 2007 to 2013, he ingested "Protonix, Prilosec, Nexium as prescribed and/or directed by his physician and also took Prilosec OTC." Doc. #23, ¶¶ 4, 8. Plaintiff further alleges he was diagnosed with CKD as a result of these medications; Defendants failed to disclose the dangers of these medications to Plaintiff's physician, Plaintiff, and the general public; and Defendants

---

[2] Plaintiff attaches an affidavit stating he was unaware of a possible link between PPIs and CKD until he saw a television commercial in May 2016. Doc. #29-3.

4

misrepresented the safety of these medications to Plaintiff's physician, Plaintiff, and the general public. Plaintiff identifies the specific National Drug Code numbers for medications marketed and sold by Defendants.

At this stage, Plaintiff need not identify the specific instances in which he consumed a medication manufactured and sold by a Defendant. Nor is Plaintiff required to differentiate between the cause and effect of one medication manufactured by AstraZenca as compared to another medication manufactured by a different Defendant. Furthermore, Plaintiff need not prove causation. Plaintiff's Amended Complaint adequately sets forth factual information regarding his consumption of these drugs and plausibly suggests Plaintiff's injuries were caused by one or more Defendants.

(2)

Plaintiff alleges Defendants failed to warn physicians and Plaintiff. *Id.*, ¶¶ 95-97. Defendants contend Plaintiff fails to allege sufficient detail. As the Court explained above, the Court will not require, at the pleading stage, Plaintiff to detail failure to warn allegations against each specific defendant. Nor will the Court require a detailed explanation of the adequacy or inadequacy of each warning given that Plaintiff alleges Defendants, as a group, failed to warn of PPI risks at all. Finally, Defendants argue Plaintiff fails to plead what Plaintiff's physician was aware or unaware of, but Plaintiff's Amended Complaint includes multiple references to his physician's lack of knowledge as a result of Defendants' failure to warn. *Id.*, ¶¶ 22, 55, 58, 97, 105-107. Plaintiff adequately pleads Defendants' failure to warn.

(3)

The Court also rejects Defendants' argument that Plaintiff did not adequately plead fraud as required by Rule 9(b). Plaintiff alleges advertisements, press releases, website publications, and other communications by Defendants indicated PPIs were safe and effective. *Id.*, ¶ 49. Plaintiff alleges Defendants failed to disclose the falsity of these materials, and Defendants willfully and intentionally misrepresented the safety of the medications to induce consumers and the medical community to act in reliance on

5

Defendants' misrepresentations. *Id.*, ¶¶ 50, 156. Plaintiff and his physician relied on Defendants' misrepresentations during the time Plaintiff took PPIs, and Plaintiff suffered CKD as a result of this reliance. Plaintiff's Amended Complaint adequately apprises Defendants of Plaintiff's theory of this case as it relates to allegations of fraud and concealment. Accordingly, the Court denies Defendants' motion to dismiss.

### III. CONCLUSION

The Court denies Defendants' motion to dismiss.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 22, 2017                          UNITED STATES DISTRICT COURT